DANIEL R. FOSTER (State Bar No. 179753)
dfoster@mwe.com
LYNNE M.J. BOISINEAU (State Bar No. 216090)
lboisineau@mwe.com
McDERMOTT WILL & EMERY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614
Telephone: 949.851.0633
Facsimile: 949.851.9348

Attorneys for Plaintiffs
WOBBLEWORKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOBBLEWORKS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN RX, LTD, a Canadian limited liability company; ITOYS USA LTD., a Delaware corporation; and, TECH 4 KIDS, INC., a Canadian corporation,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1) COPYRIGHT INFRINGEMENT (17 U.S.C. §101 *ET SEQ*.)**<br><br>**2) COPYRIGHT INFRINGEMENT (17 U.S.C. §101 *ET SEQ*.)**<br><br>**3) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**<br><br>**4) CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200, *ET SEQ*.)**<br><br>**5) COMMON LAW PASSING OFF AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff WobbleWorks, Inc. ("WobbleWorks" or "Plaintiff"), by its attorneys, McDermott Will & Emery LLP, brings this action against Defendants Irwin Rx, Ltd; IToys USA Ltd. (together "Irwin"); Tech 4 Kids, Inc.; and Does 1-10 (collectively, "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Defendants' infringement of Plaintiff's rights in its original three-dimensional sculpture works. As alleged below, Defendants have, without Plaintiff's consent, unlawfully used exact or slightly modified copies of Plaintiff's works on the product packaging for its 3D MAGIC three-dimensional printing toy, and have unlawfully displayed, distributed, and/or sold products bearing Plaintiff's copyrighted works. As a result, Defendants are liable for copyright infringement and for unfair competition. WobbleWorks seeks injunctive and monetary relief for acts of copyright infringement and unfair competition under the laws of the United States, Title 17, United States Code; Title 15, United States Code; and, under the laws of the State of California.

## JURISDICTION AND VENUE

2. This action arises under Title 17 of the United States Code, §§101, *et seq.*; under Title 15 United States Code §1125(a); under the California Business & Professional Code §§17200, *et seq.*; and, under the common law of the State of California.

3. Jurisdiction is conferred on the Court by 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (any act of Congress relating to copyrights), and 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the copyright laws).

4. This Court has jurisdiction over the supplemental claims arising under state law pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1367(a).

5. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and (c). The Court has personal jurisdiction over the Defendants and venue is proper in this district because, *inter alia,* upon information and belief, a substantial part of the wrongful acts committed by Defendants occurred in interstate commerce, in the State of California, and the Central District of California.

## THE PARTIES

6. Plaintiff WobbleWorks, Inc. is a corporation existing and organized under the laws of Delaware.

7. Defendant Irwin Rx, LTD is a limited company organized and existing under the laws of Canada.

8. Upon information and belief, Irwin Rx, LTD does business in the United States as IToys USA LTD.

9. Defendant IToys USA LTD is a corporation organized and existing under the laws of Delaware.

10. Upon information and belief, at all times relevant hereto, Irwin continuously and systematically sold products in and throughout California including into Toys R Us stores in California. At all times relevant hereto, Irwin has purposely availed itself of the privilege of conducting activities in California through the sale of products throughout the state.

11. Defendant Tech 4 Kids, Inc. is a corporation organized and existing under the laws of Canada, and currently doing business worldwide. Tech 4 Kids, Inc. is registered to conduct business in the State of California.

12. Upon information and belief, Tech 4 Kids, Inc. partnered with Irwin to sell Irwin's toys into the United States, including into California. Upon information and belief, at all times relevant hereto, Tech 4 Kids, Inc. continuously and systematically sold and distributed products, including Irwin products, in and throughout California including into Toys R Us stores in California. Upon information and belief, at all times relevant hereto Tech 4 Kids, Inc. and Irwin have

COMPLAINT - 3 -

1  purposely availed themselves of the privilege of conducting activities in California
2  through the sale of products throughout the state.

3  13. Tech 4 Kids, Inc. has also purposely availed itself of this court by suing
4  other third parties in the Central District of California in *Tech-4-Kids, Inc. v. Sport
5  Dimension, Inc., et. al.*, case no. 2:12-cv-06769-PA-AJW (August, 7, 2012).

6  14. Upon information and belief, Defendants are also directly soliciting sales
7  throughout the United States, including California, via YouTube and the
8  Defendant's e-commerce website at www.get3Dmagic.com.

## BACKGROUND FACTS AND DEFENDANTS' INFRINGING CONDUCT

15. Plaintiff is the creator of the 3DOODLER®, the world's first three-dimensional printing pen. The 3DOODLER® printing pen allows users to draw and create shapes, sculptures, and other three-dimensional objects by extruding heated plastic filaments that cool almost instantly into a solid, stable structure.

16. In order to demonstrate the use of the 3DOODLER® printing pen, and as part of its extensive marketing activities, Plaintiff has created several original three-dimensional sculptures with the 3DOODLER® printing pen, and those sculptures appear on Plaintiff's Kickstarter fundraising pages, its website, the 3DOODLER® product packaging, product inserts, the websites of authorized resellers of the 3DOODLER® products, and other marketing materials.

17. Plaintiff owns pending copyright applications for six of its three-dimensional sculptures created with the 3DOODLER® printing pen.

18. On November 16, 2015, Plaintiff filed six copyright applications with the U.S. Copyright Office for works titled 3DOODLER MULTI-COLOR EIFFEL TOWER (U.S. Copyright Office Case No. 1-2883521871); 3DOODLER BLUE EIFFEL TOWER (U.S. Copyright Office Case No. 1-2883430638); 3DOODLER PINK BICYCLE (U.S. Copyright Office Case No. 1-2883521832); 3DOODLER BLUE BICYCLE (U.S. Copyright Office Case No. 1-2883430713); 3DOODLER

COMPLAINT                              - 4 -

RED DOG (U.S. Copyright Office Case No. 1-2883385158); and, 3DOODLER OSTRICH (U.S. Copyright Office Case No. 1-2883385313). Images of Plaintiff's sculptural works are provided herewith as Exhibit A.

19. Upon information and belief, Defendants gained access to Plaintiff's copyrighted works via Plaintiff's Kickstarter fundraising pages, its website at www.the3Doodler.com, the websites of authorized resellers of the 3DOODLER® products, as well as by purchasing or otherwise obtaining Plaintiff's 3DOODLER® printing pen and product packaging.

20. In particular, on September 15, 2015, Defendants filed counterclaims in response to an intellectual property lawsuit filed against Defendants in the United States District Court for the Western District of Arkansas by RedwoodVentures, Ltd. and RedwoodVentures, LLC (collectively, "Redwood") (case no. 5:15-cv-5174-TLB). In Defendants' counterclaims, they specifically reference Plaintiff's 3DOODLER® printing pen stating that it was "one of the only 3D Maker products available to the general public" prior to Defendants' 3D MAGIC product, as well as Redwood's 3D printing product at issue in the Redwood dispute. Set forth as "Exhibit 7" in Defendants' counterclaims, is an image of Plaintiff's 3DOODLER® printing pen and an image of Plaintiff's copyrighted 3DOODLER RED DOG sculpture. A copy of Defendants' counterclaims in case no. 5:15-cv-5174-TLB and the corresponding "Exhibit 7" are provided herewith as Exhibit B.

21. Moreover, upon information and belief, Defendants are in possession of Plaintiff's 3DOODLER® printing pen and corresponding packaging that displays Plaintiff's 3DOODLER RED DOG sculpture, as Defendants provided images of the pen and product packaging in discovery with Redwood. Representative images of the 3DOODLER® pen and product packaging that were included in discovery in case no. 5:15-cv-5174-TLB are provided herewith as Exhibit C.

22. Upon information and belief, and as noted above, Defendants also gained access to Plaintiff's copyrighted works via Plaintiff's online Kickstarter pages, and

COMPLAINT - 5 -

its website at www.the3Doodler.com. Images of Plaintiff's copyrighted works as they appear on Plaintiff's website are provided herewith as Exhibit D.

23. Upon information and belief, Defendants presented their 3D MAGIC 3D Creation Maker toy at the February 2015 New York Toy Fair. Upon information and belief, Defendants also presented their products in a showroom in Hong Kong where they marketed the 3D MAGIC toy to prospective toy retailers.

24. Upon information and belief, Defendants' product packaging for the 3D MAGIC 3D Creation Maker was presented at various toy fairs, and displayed images of Plaintiff's copyrighted works, namely, an identical copy of Plaintiff's 3DOODLER MULTI-COLOR EIFFEL TOWER sculpture. An image of Defendants' product packaging that, upon information and belief, was displayed at various toy fairs is provided herewith as Exhibit E.

25. Upon information and belief, Defendants' 3D MAGIC 3D Creation Maker was placed in the packaging shown in Exhibit E bearing an identical copy of Plaintiff's 3DOODLER MULTI-COLOR EIFFEL TOWER sculpture, and is or was being sold on shelves in Toys R Us retail locations. An image of Defendants' toys in the product packaging bearing Plaintiff's 3DOODLER MULTI-COLOR EIFFEL TOWER sculpture as displayed on a shelf at Toys R Us is provided herewith as Exhibit F.

26. Upon information and belief, Defendants are also selling or planning to sell a three-dimensional printing pen called the IMAGIPEN, and defendant Tech 4 Kids, Inc. has filed U.S. trademark application no. 86765518 for the mark IMAGIPEN for use in connection with an "instrument for designing and creating three dimensional objects."

27. Upon information and belief, Defendants' product packaging for the IMAGIPEN bears four of Plaintiff's copyrighted works, namely, the 3DOODLER RED DOG, the 3DOODLER OSTRICH, the 3DOODLER BLUE EIFFEL TOWER, and the 3DOODLER PINK BICYCLE. Upon information and belief, an

COMPLAINT - 6 -

image of Defendants' IMAGIPEN product packaging is provided herewith as Exhibit F.

28. Upon information and belief, Defendants have used Plaintiff's copyrighted works on its 3D MAGIC 3D Creation Maker and the IMAGIPEN product packaging in order to market and sell the toys to global and nationwide retailers.

## COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *ET SEQ.*)
## (Against All Defendants)

29. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 28.

30. Plaintiff is the owner of all intellectual property rights in and to the 3DOODLER MULTI-COLOR EIFFEL TOWER, which is wholly original, and is copyrightable subject matter under the laws of the United States.

31. Plaintiff is the holder of the copyrights to the 3DOODLER MULTI-COLOR EIFFEL TOWER, which is the subject of U.S. Copyright Office Application Case No. 1-2883521871.

32. Plaintiff has complied in all respects with the applicable provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.,* and all other laws concerning federal copyrights.

33. Upon information and belief, by reason of Plaintiff's display of its copyrighted works on its Kickstarter fundraising pages, its website at www.the3Doodler.com, the websites of authorized resellers of the 3DOODLER® products, its related marketing materials, and/or product packaging for its 3DOODLER® printing pen since at least as early as 2013, Defendants had access to Plaintiff's original 3DOODLER MULTI-COLOR EIFFEL TOWER.

34. Upon information and belief, Defendants' product packaging or the 3D MAGIC 3D Creation Maker bore, and may still bear, an image of Plaintiff's copyrighted work, namely, an identical reproduction of the 3DOODLER MULTI-COLOR EIFFEL TOWER sculpture.

COMPLAINT                                - 7 -

35. Defendants have infringed Plaintiff's copyrights in the 3DOODLER MULTI-COLOR EIFFEL TOWER by copying, reproducing, distributing, selling and displaying the works, without the consent of Plaintiff, on the product packaging for Defendants' 3D MAGIC 3D Creation Maker.

36. Defendants unlawfully and willfully copied Plaintiff's copyrighted work in violation of Plaintiff's copyright.

37. Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. §106. Defendants' past and continuing copying, marketing, and distribution of Defendants' 3D MAGIC 3D Creation Maker product to retailers and members of the general public constitute willful and deliberate infringement of Plaintiff's copyright and is causing irreparable harm and damage to Plaintiff.

38. Defendant's unlawful and willful infringement of Plaintiff's copyright has caused damages.

39. Defendants' acts have caused and will continue to cause substantial irreparable harm to Plaintiff, unless further infringement by Defendants is enjoined. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**COUNT II: COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *ET SEQ.*)**
**(Against All Defendants)**

40. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 28.

41. Plaintiff is the owner of all intellectual property rights in and to the 3DOODLER BLUE EIFFEL TOWER, the 3DOODLER PINK BICYCLE, the 3DOODLER RED DOG and the 3DOODLER OSTRICH, all of which are wholly original, and are copyrightable subject matter under the laws of the United States.

COMPLAINT                                          - 8 -

42. Plaintiff is the holder of the copyrights to the 3DOODLER BLUE EIFFEL TOWER, the 3DOODLER PINK BICYCLE, the 3DOODLER RED DOG and the 3DOODLER OSTRICH, which are the subject of U.S. Copyright Office Application Case No. 1-2883430638, U.S. Copyright Office Application Case No. 1-2883521832, U.S. Copyright Office Application Case No. 1-2883385158, and U.S. Copyright Office Application Case No. 1-2883385313, respectively.

43. Plaintiff has complied in all respects with the applicable provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.,* and all other laws concerning federal copyrights.

44. Upon information and belief, by reason of Plaintiff's display of its copyrighted works on its Kickstarter fundraising pages, its website at www.the3Doodler.com, the websites of authorized resellers of the 3DOODLER® products, its related marketing materials, and/or product packaging for its 3DOODLER® printing pen between the years of 2013 - 2015, Defendants had access to Plaintiff's original 3DOODLER BLUE EIFFEL TOWER, the 3DOODLER PINK BICYCLE, the 3DOODLER RED DOG and the 3DOODLER OSTRICH sculptures.

45. Upon information and belief, Defendants' product packaging or the 3D MAGIC IMAGIPEN bears images of Plaintiff's copyrighted works, namely, identical reproductions of the 3DOODLER BLUE EIFFEL TOWER, the 3DOODLER PINK BICYCLE, the 3DOODLER RED DOG, and a version of Plaintiff's 3DOODLER OSTRICH sculpture, which was modified to display the sculpture in a green color, but which otherwise appears identical to Plaintiff's copyrighted work.

46. Defendants have infringed Plaintiff's copyright in the 3DOODLER BLUE EIFFEL TOWER, the 3DOODLER PINK BICYCLE, the 3DOODLER RED DOG and the 3DOODLER OSTRICH sculptures by copying, reproducing, distributing,

COMPLAINT - 9 -

selling and displaying the works, without the consent of Plaintiff, on the product packaging for Defendants' 3D MAGIC IMAGIPEN.

47. Defendants unlawfully and willfully copied Plaintiff's copyrighted works in violation of Plaintiff's copyrights.

48. Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. §106. Defendants' past and continuing copying, marketing, and distribution of Defendants' 3D MAGIC IMAGIPEN product to retailers and members of the general public constitute willful and deliberate infringement of Plaintiff's copyrights and is causing irreparable harm and damage to Plaintiff.

49. Defendant's unlawful and willful infringement of Plaintiff's copyrights has caused damages.

50. Defendants' acts have caused and will continue to cause substantial irreparable harm to Plaintiff. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT III: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### (Against All Defendants)

51. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 28.

52. Defendants have used Plaintiff's copyrighted works on its product packaging for its 3D MAGIC 3D Creation Maker and 3D MAGIC IMAGIPEN, thereby falsely suggesting that Plaintiff approves of and/or is associated with Defendants, their actions, and their products.

53. The acts of Defendants complained of herein constitute unfair competition which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

COMPLAINT - 10 -

54. As a result of the activities complained of herein, Defendants have caused Plaintiff irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

55. Plaintiff has no adequate remedy at law.

### COUNT IV: CALIFORNIA UNFAIR COMPETITION (California Business & Professions Code § 17200 *et seq.*)
### (Against All Defendants)

56. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 28.

57. The various acts of the Defendants as alleged herein constitute unfair, fraudulent, misleading and unlawful business practices within the meaning of California Business and Professions Code § 17200, *et seq*.

58. These acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a) and the Copyright Act, 17 U.S.C. § 101, *et seq.*, and therefore constitute an unlawful business practice within the meaning of Business and Professions Code § 17200.

59. Defendants' conduct, as alleged above, was malicious, fraudulent, deliberate, willful, intentional or oppressive.

60. As a direct and proximate result of Defendants' wrongful and willful conduct, Defendants have caused Plaintiff irreparable harm and injury.

61. Injury to Plaintiff is continuing and will continue unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

62. Plaintiff is entitled to an injunction enjoining and restraining Defendants from the acts of unfair competition set forth above.

63. Defendants should be compelled to account to Plaintiff for any profits Defendants made by reason of the acts described above and to disgorge such profits to the benefit of Plaintiff.

COMPLAINT - 11 -

## COUNT V: COMMON LAW PASSING OFF AND UNFAIR COMPETITION
### (Against All Defendants)

64. WobbleWorks realleges and incorporates by reference the allegations in paragraphs 1 through 28.

65. Defendants, by their acts alleged herein have willfully and intentionally committed acts of unfair competition within the State of California in violation of the common law of the State of California and have been unjustly enriched thereby.

66. Defendants have committed unfair competition by utilizing Plaintiff's copyrighted works without Plaintiff's authorization.

67. The acts described above were and are likely to mislead the general public, cause confusion, mistake or deception as to origin, source or sponsorship of Defendants' products and are likely to cause the public to believe Plaintiff endorses Defendants' products.

68. Injury to Plaintiff is ongoing and will continue unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

69. Plaintiff is entitled to an injunction enjoining and restraining Defendants from the acts of unfair competition set forth above.

70. Defendants should be compelled to account to Plaintiff for any profits Defendants made by reason of the acts described above and to disgorge such profits to the benefit of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and against any of their affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

1. Permanent injunctive relief enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those acting directly or indirectly in concert or

COMPLAINT - 12 -

participation with any of them from:

    (a) manufacturing, reproducing, displaying, distributing or selling any products bearing Plaintiff's copyrighted works;

    (b) further infringing Plaintiff's copyrighted works or otherwise damaging Plaintiff's goodwill and business reputation; and

    (c) otherwise competing unfairly with Plaintiff in any manner.

2. That the Court order that all product packaging, printed materials, product materials, and other infringing articles in Defendants' possession be delivered to Plaintiffs and/or destroyed.

3. That Plaintiff be granted an equitable accounting from Defendants for any and all sales and/or profits derived by Defendants from said actions, infringement, unjust enrichment, and Defendants' other unlawful acts.

4. Awarding to Plaintiff statutory damages, actual damages, and an accounting of Defendants' profits.

5. Prejudgment and post judgment interest.

6. That, because this is an exceptional case and to the extent applicable, Plaintiff be awarded its reasonable attorneys' fees, expenses and costs in this action.

7. That Defendants notify each and every retailer and customer that purchased the 3D MAGIC 3D Creation Maker and/or 3D MAGIC IMAGIPEN toys, that the sculptures shown on the product packaging are works owned by WobbleWorks, and were not created with the 3D MAGIC 3D Creation Maker and/or 3D MAGIC IMAGIPEN toys.

8. Other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

COMPLAINT - 13 -

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: November 24, 2015

Daniel R. Foster
Lynne M.J. Boisineau
McDERMOTT WILL & EMERY LLP

By: /s/ *Daniel R. Foster*
DANIEL R. FOSTER

Attorneys for Plaintiff
WOBBLEWORKS, INC.

DM_US 67695125-2.092749.0215

COMPLAINT - 14 -